UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-162-FDW

| | |
|---|---|
| MARCUS A. THORPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| A. GOWANS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). He is proceeding *in forma pauperis*, (Doc. Nos. 6).

I. **BACKGROUND**

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 while incarcerated at the Polk Correctional Institution in which he complains about incidents that allegedly occurred at the Alexander Correctional Institution. He names as Defendants the following Alexander C.I. personnel: Nurse A. Gowens, Dr. John Doe, and John Doe Correctional Officers (1)-(5).

Construing the Complaint liberally and accepting the allegations as true, Plaintiff was assaulted by Captain Hamilton in the hallway outside the dining hall on November 26, 2015, at around 4:00 PM. He was forced to the ground and was restrained and handcuffed behind his back by the John Doe Correctional Officers. He was lifted from the ground by his arms and legs and carried to restrictive housing where he was thrown into a shower. He landed on his back with his hands still cuffed behind him. The impact fractured his left hand. He was then beaten by the same John Doe Correctional Officers.

After the assault stopped, the restraints and cuffs were removed and pictures were taken

1

before any severe swelling had occurred. Plaintiff was placed in full restraints, left in a recreation cage until the shift changed at 6:00 PM, then was escorted to a cell.

The following day, November 27, 2015, Plaintiff's hand and wrist were extremely swollen and painful. All Plaintiff's complaints were ignored.

On December 1, 2015, Plaintiff declared a medical emergency at around 2:43 AM to Officer Burchette, who gave Plaintiff a sick call form. At around 3:20 AM, Nurse Gowens came to see Plaintiff. He was placed in restraints and seen in front of his cell. She took Plaintiff's vitals and asked what was wrong. Plaintiff told her what the officers had done, showed her the swelling and bruising, and explained the problem of blood circulation in his left hand and wrist. Nurse Gowans examined Plaintiff's arms and legs and said that he might have been bitten by a bug or had an allergic reaction and gave him some Benadryl. Plaintiff questioned her judgment and she said that she is not a doctor.

On December 2, 2015, Plaintiff submitted a sick call about his pain and swelling to Officer Burchette. Plaintiff declared another medical emergency on December 3, 2015, around 9:45 AM to Officer Johnson. At around 4:00 PM. Officer Johnson told Plaintiff that medical had denied his medical request. Plaintiff tried to declare another medical emergency to Officer Kerley at around 9:50 PM but no nurse arrived.

On December 13, 2015, Plaintiff gave a sick call to Officer Worden at around 12:35 AM. on December 16, 2015, Plaintiff declared another medical emergency at 9:00 AM to Officer Johnson but he was not seen. Plaintiff declared another medical emergency to Officer Farrish at 10:00 AM but no nurse arrived.

On December 22, 2015, Plaintiff declared a medical emergency with Sergeant Farris at 12:20 AM. At 1:25 AM, Officer Hollar came and told Plaintiff that the pain in his hand would go

away, and he just needed to lie down and go to sleep. At around 1:40 AM, Sergeant Farris told Plaintiff that the nurse said there was nothing they could do for his hand and that, nine times out of 10, the pain will eventually go away.

On December 31, 2015, Plaintiff declared a medical emergency to Nurse Blake at around 7:30 PM while she was passing out medication. Plaintiff was told he would be seen after she was finished. Plaintiff was placed in full restraints and a group of nurses came into his cell. Plaintiff told Nurse Kauffman that his hand and wrist had been painful and swollen for a month and requested an x-ray. She gave him five days' worth of ibuprofen and told him he had to fill out three sick calls before he could see the doctor. Plaintiff said there was a knot sticking out of his hand and she said "that is what the ibuprofen is for." (Doc. No. 1 at 7). Plaintiff asked when she was going to see him about his sick calls. She told Plaintiff "this was it" and that she was going to take the sick call out of the system so he could file some more. (Id.). The nurses then left.

On January 7, 2016, Plaintiff handed Officer Burchette a sick call and was never seen. On January 14, 2016, Plaintiff was transferred to the Polk Correctional Institution. On January 15, 2016, he submitted a sick call about his hand. He was seen by a nurse on January 19 and the nurse gave him ibuprofen and put him down to see the doctor. On January 29, 2016, Plaintiff's hand was x-rayed and he was told it showed a possible fracture on February 5, 2016. Plaintiff was sent to an orthopedic doctor in Durham on February 18, 2016. More x-rays were done and Plaintiff was told that his had had been broken and treatment was recommended.

Plaintiff seeks declaratory judgment, compensatory and punitive damages, and such other relief as is just and proper.

**II.    SCREENING STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the

Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must

4

articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) <u>Parties</u>**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see <u>Myles v. United States</u>, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, <u>Haines</u>, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," <u>Pliler v. Ford</u>, 542 U.S. 225 (2004).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. <u>See</u>, e.g., <u>Londeree v. Crutchfield Corp.</u>, 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

**(2) <u>Cruel and Unusual Punishment</u>**

"[T]he Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," and "forbids the unnecessary and wanton infliction of pain." <u>Hill v. Crum</u>, 727 F.3d 312, 317 (4th Cir. 2013) (internal quotation marks omitted). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. See <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992). A prison official violates the Eighth

5

Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8.

### (A) **Excessive Force**

"[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. 1, 4 (1992); see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act...coupled with a duty to act." Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002). A "bystander officer" could be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id. at 204. However,

6

if no excessive force is applied by the fellow officer, the officer witnessing the conduct "cannot be held liable under bystander liability for a failure to intervene." Howie v. Prince George's Cnty., 2009 WL 2426018 at *6 (D. Md. Aug. 5, 2009); see also Jarvis v. Securitas Sec. Servs. USA, 2012 WL 527597 (D. Md. Feb. 16, 2012).

Plaintiff alleges that John Doe Correctional Officers (1)-(5) threw him into a shower while he was restrained and handcuffed behind his back which broke his hand, and that they beat him. These allegations are sufficient to state a claim for excessive force against John Doe Correctional Officers (1)-(5).

**(B)     Medical Deliberate Indifference**

As applied to prisoners, this constitutional guarantee encompasses a right to medical care for serious medical needs, including psychological needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a *prima facie* case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852.

Further, "mere '[d]isagreements between an inmate and a physician over the inmate's proper medical care' are not actionable absent exceptional circumstances." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (quoting Wright v. Collins, 766 F.2d 841, 840 (4th Cir. 1985)).

Plaintiff alleges that Nurse Gowens saw him five days after the alleged injury in response to his declaration of a medical emergency. Nurse Gowens took Plaintiff's vitals, asked what was wrong, listened to Plaintiff's allegations about the officers' actions, looked at his swelling and bruising, and concluded that he might have been bitten by a bug or had an allergic reaction, for which she gave him Benadryl. When Plaintiff questioned her judgment she said that she is not a doctor. Plaintiff has sufficiently alleged that his painful hand injury was adequately serious. Construing the allegations liberally, Plaintiff has also adequately alleged that Nurse Gowens' actions were so grossly incompetent or inadequate as to state a plausible claim of deliberate indifference.

Plaintiff also names as a Defendant a John Doe Medical Doctor. However, he does not explain how the John Doe Doctor was aware of, or involved in, his care or on what date or dates the John Doe Doctor was allegedly involved in his care. Therefore, the Complaint will be dismissed as to the John Doe Doctor. See Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

## VI. CONCLUSION

For the reasons stated herein, the Complaint has passed initial review on the excessive force

claims against John Doe Correctional Officers (1)-(5), and the deliberate indifference claim against Nurse Gowens. The remaining allegations are dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint will proceed against Defendants Gowens and John Doe Correctional Officers (1)-(5).

2. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants **Gowens** and **John Doe Correctional Officers (1)-(5)** who are current or former employees of NC DPS.

Signed: November 27, 2018

Frank D. Whitney
Chief United States District Judge