IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00162-MR

| | | |
|---|---|---|
| MARCUS A. THORPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANITA J. GOWANS, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte*.

The *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. The Complaint passed initial review against several Defendants including Phillip A. Carswell and David A. Stephens, for the use of excessive force. [See Doc. 7]. Defendants Carswell and Stephens were served process, but they have not appeared or otherwise defended this action. [Docs. 15, 16]. The Plaintiff has not taken any further action with respect to these Defendants.

On October 26, 2021, the Court ordered the Plaintiff to take further action to prosecute this case against Defendants Stephens and Carswell within fourteen days. [Doc. 68]. He was cautioned that the failure to take

any such further action would result in the dismissal of these Defendants without prejudice and without further notice. [Id.].

The Plaintiff has filed a Response stating that he is unable to "tak[e] further action in locating defendants Stephens and Carswell" due to his present incarceration. [Doc. 71]. He asks the Court to "subpoena the said defendant to stand trial." [Id. at 1].

The Plaintiff has failed to take any action against Defendants Stephens and Carswell, who have already been located and served. The case is otherwise ready for trial as to the other remaining defendants. The claims as to Defendants Stephens and Carswell will therefore be dismissed without prejudice for lack of prosecution, so that the case can proceed. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

The remaining parties are notified that, unless they object within fourteen (14) days of this Order, this case will be referred for a judicial

settlement conference pursuant to Local Civil Rule 16.3(d), in an effort to settle this matter without a trial.

The parties are advised that, should a settlement conference be undertaken in this matter to facilitate settlement, there is no requirement that the case settle through such a conference. Rather, if a judicial settlement conference were unsuccessful, the matter would proceed to trial in accordance with the terms of the Court's summary judgment Order. Should the parties object to a judicial settlement conference in this matter, the matter will be set for trial to occur as soon as feasible.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as to Defendants Phillip A. Carswell and David A. Stephens.

The Clerk of Court is directed to terminate Phillip A. Carswell and David A. Stephens as Defendants.

**IT IS FURTHER ORDERED** that the remaining parties shall notify the Court within fourteen (14) days of this Order whether they object to a judicial settlement conference in this matter.

**IT IS SO ORDERED**.

Signed: November 18, 2021

Martin Reidinger
Chief United States District Judge