# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:18-cv-00162-MR

| | | |
|---|---|---|
| MARCUS A. THORPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **J U D G M E N T** |
| | ) | |
| DERRICK COPELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** came on for trial and was heard by the undersigned judge, and a jury was duly empaneled and answered the issue presented as follows:

1. Were the actions of all the Defendants objectively reasonable?

   Answer: YES

2. Were the actions of each named Defendant below objectively reasonable?

   (a) Derrick Copeland        Yes ____     No ____

   (b) Christopher Johnson     Yes ____     No ____

   (c) Joshua Quinn          Yes ____     No ____

   (d) John Snyder           Yes ____     No ____

(e)    Robert Virtue                              Yes _____        No _____

Answer: [Not answered in light of response to Issue No. 1].


3.    Did the named Defendant use excessive force against the Plaintiff (in

      violation of Plaintiff's Eighth Amendment rights)?

      (a)    Derrick Copeland                       Yes _____        No _____

      (b)    Christopher Johnson                    Yes _____        No _____

      (c)    Joshua Quinn                           Yes _____        No _____

      (d)    John Snyder                            Yes _____        No _____

      (e)    Robert Virtue                          Yes _____        No _____

      Answer: [Not answered in light of response to Issue No. 1].


4.    Was such excessive force a proximate cause of an injury to Plaintiff?

      (a)    Derrick Copeland                       Yes _____        No _____

      (b)    Christopher Johnson                    Yes _____        No _____

      (c)    Joshua Quinn                           Yes _____        No _____

      (d)    John Snyder                            Yes _____        No _____

      (e)    Robert Virtue                          Yes _____        No _____

      Answer: [Not answered in light of response to Issue No. 1].

2

5.    What amount of damages is the Plaintiff entitled to recover?

Answer: [Not answered in light of response to Issue No. 1].

Based on the foregoing fact as found by the jury, the Court concludes as a matter of law that the Defendants Derrick Copeland, Christopher Johnson, Joshua T. Quinn, John F. Snyder, and Robert J. Virtue are entitled to the protection of qualified immunity and are not liable to the Plaintiff Marcus A. Thorpe under 42 U.S.C. § 1983 for violation of his right to be free from excessive force.

The Court previously entered an Order dismissing with prejudice the Plaintiff's claims against Defendant Anita J. Gowans pursuant to Rule 56 of the Federal Rules of Civil Procedure and an Order dismissing without prejudice Defendants Phillip A. Carswell and David A. Stephens for Plaintiff's failure to prosecute his case against them. [Docs. 69, 73].  After Plaintiff's presentation of evidence, the Court on Defendants' oral motion for judgment as a matter of law dismissed Defendants David J. Davis, Nathan E. Wyatt, and Curtis D. Sauberan.  [3/21/2023 Docket Entry].

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that based on the verdict of the jury Defendants Derrick Copeland, Christopher Johnson, Joshua T. Quinn, John F. Snyder, and Robert J. Virtue are not liable to the Plaintiff Marcus A. Thorpe under 42 U.S.C. § 1983 for violation

of his right to be free from excessive force, and based thereon and based on the Court's prior rulings, including the dismissal of Defendants on the Rule 50 Motion, the Plaintiff shall recover nothing of the Defendants.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this action is **DISMISSED WITH PREJUDICE** in its entirety.

**IT IS SO ORDERED**.

Signed: March 30, 2023

Martin Reidinger
Chief United States District Judge

4